UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cr-00142-JRS-KMB ) |
| KENNETH MORGAN ADDISON, | ) -01 ) |
| Defendant. | ) |

**Order on Various Post-Judgment Motions**

This is the aftermath of a criminal case in which Kenneth Morgan Addison pled guilty to two counts of gun and drug crimes. As part of his plea, he agreed to forfeit a house in Anderson, Indiana, which he had bought as part of a scheme to conceal another person's criminal embezzlement and which he was using as a base for drug dealing. (Plea Agreement, ECF No. 7; Presentence Investigation Report, ECF No. 29; Judgment, ECF No. 30.) Addison now argues that the forfeiture was improper, (ECF No. 34), seeks "evidentiary rulings" about the house in question, (ECF No. 53), and requests additional documents, (ECF No. 54). The motions are meritless and so **denied.**

First, Addison agreed not to oppose forfeiture, (Plea Agreement ¶ 18, ECF No. 7), waived adherence to the procedural requirements in the Federal Rules, (*id.* ¶ 19), and waived all constitutional and statutory challenges to forfeiture, (*id.* ¶ 21). The Court accepted Addison's plea as knowing and voluntary, and so those commitments he made in his agreement are enforceable. *United States v. All Funds & Other Pers. Prop.*, 277 F. App'x 607, 609 (7th Cir. 2008).

Second, even if Addison had not given up his right to contest the forfeiture, his challenge here is frivolous. Much of his lead motion, (ECF No. 34), quibbles with the difference between the two addresses—"15 North Creedmoor Way" and "15 South Creedmoor Way"—his drug house bore in the recorder's office ("North") and on the street ("South"). But there is only one house, which Addison knew: when the Court raised the possible confusion of addresses as an issue at sentencing, Addison readily set the record straight. (Transcript 15–16, ECF No. 44.) And when the Court proposed to clarify that Addison agreed to forfeit the house "listed at the assessor's office as 15 North Creedmore Way in Anderson, Indiana, but with a physical address of 15 South Creedmoor Way, Anderson, Indiana," Addison, his attorney, and the government all agreed that the issue was resolved. (*Id*. at 17–18.) Besides, because both addresses refer to the same house (there being no other Creedmoor Way in Anderson), it does not matter which address Addison agreed to forfeit.

Addison next argues that the entry of forfeiture was belated. It was not: the judgment, entered four days after sentencing, contains the forfeiture. (Judgment, ECF No. 30.) That is a final order. *United States v. Lee*, 77 F.4th 565, 583 (7th Cir. 2023). While the government's follow-up motion, confusingly dubbed "preliminary," was made and granted three months later, (ECF Nos. 31, 33), that does not affect Addison's substantive rights to the property, which had been determined at sentencing. And Addison had ample notice that forfeiture was an issue at sentencing—after all, he agreed to it in his plea and discussed it with the Court at

the hearing—which removes any possibility that he was surprised or prejudiced by the Court's entry of forfeiture with the judgment. *Id.* at 584.

Addison further argues the Court failed to make "nexus findings" between his crimes and the forfeited house. Even if the Court were required to make such findings, which it is not, *Libretti v. United States*, 516 U.S. 29, 42 (1995), the record here leaves no doubt that the house was connected to Addison's crimes, (Plea Agreement ¶¶ 23 E., P., Q., ECF No. 7; Presentence Report ¶¶ 16–18, 21–22).

Finally, Addison suggests that judicial estoppel be applied here to the issue of North and South Creedmoor Way. That doctrine, which prevents parties from prevailing on successive, contradictory, arguments, is irrelevant—the Court resolved the address ambiguity before taking any action.

That does it for Addison's lead motion. (ECF No. 34.) His two auxiliary motions, (ECF No. 53, 54), are likewise meritless. In the first, (ECF No. 53), Addison seeks "evidentiary rulings" about the deeds to the house and what the litigants said about it. The Court does not need to make evidentiary rulings because this is a closed case with a closed record. The Court invited the Parties to discuss the address ambiguity at sentencing; they did; all agreed that there was no mystery. There is nothing further to be said. In the second motion, (ECF No. 54), Addison wants the Court to provide more documents so he can mine for more supposed errors. One document he requests, the sentencing transcript, is already on the public docket. (ECF No. 44). The other, "the affidavit upon which the Plea Agreement's factual recital section appears to have been based," has no relevance here, if indeed it exists at all. Addison

3

agreed to the Plea Agreement with the factual basis there stipulated; the Court at sentencing reviewed its provisions with him, (Transcript 24, ECF No. 44), and Addison again agreed they were complete and correct. The Court accepted Addison's plea and entered judgment on it. So if the facts, as Addison swore and the Court accepted, are true, it no longer matters what if any affidavit first averred them.

This case is over, and there are no straws left to grasp. Addison's Motions, (ECF Nos. 34, 53, 54), are **denied.**

**SO ORDERED.**

Date: 01/23/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov

John L. Tompkins
BROWN TOMPKINS LORY & MASTRIAN
johnltom@mac.com